# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDRE JUSTE, MOTJUSTE TIRADE OF VIM ANDRE JUSTE, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 15-140 |
| v. | ) ) | Judge Cathy Bissoon |
| RESIDENT AGENCY, PATRICK MAURICE, EDWARD J. HANKO, SCOTT S. SMITH, FEDERAL BUREAU INVESTIGATION, ROBERT F. MUELLER, JAMES F. YACONE/ YAWREKE, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER OF DISMISSAL

Having been granted leave to proceed in forma pauperis ("IFP"), Plaintiff is subject to the screening provisions in 28 U.S.C. § 1915(e). See Atamian v. Burns, 2007 WL 1512020, *1-2 (3d Cir. 2007) ("the screening procedures set forth in [Section] 1915(e) apply to [IFP] complaints filed by prisoners and non-prisoners alike") (citations omitted). Under that statute, the Court is required to dismiss any action that is frivolous or malicious, or that cannot or should not proceed on the merits. 28 U.S.C. § 1915(e)(2)(B); Fedee v. Dow, 2012 WL 5472120, *2 (D. N.J. 2012) (citations omitted); see Collins v. Cundy, 603 F.2d 825, 828 (10th Cir. 1979) ("[T]here is no constitutional right to the expenditure of public funds and the valuable time of the federal courts to prosecute an action that is totally without merit.").

The Court has attempted to liberally construe the Complaint to the best of its ability, but nonetheless must conclude that it is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i); Haines v. Lerner,

404 U.S. 519, 520 (1972) (holding that allegations of pro se litigants are held to less stringent standards than formal pleadings drafted by lawyers). The Supreme Court has held that Section 1915 gives courts the power to dismiss claims "whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "[C]laims describing fantastic or delusional scenarios," may be factually baseless, and thus frivolous, within the meaning of Section 1915. Id. at 328. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 33 (1992).

With all due respect to Mr. Juste, the bulk of his 29-page hand-written Complaint is nonsensical, illegible and seems to be just words strung together to form disjointed phrases. To the best that the Court can decipher, however, Mr. Juste appears to be asserting claims of civil rights violations and state tort actions. *See* Compl. (Doc. 2) at 6. He alleges that Defendants have violated his constitutional and other rights, as well as the rights of "MotJuste Tirade of Vim Andre Juste ('Collective Victims')."[1] Id. at 11. It appears that he is alleging, *inter alia*, that: the various defendants improperly obtained confidential information about him "from telecommunication . . . utilities under the false pretenses"; Defendants interfered when Plaintiff filed a separate unspecified complaint for custody of his daughter; Defendants wrongfully accused Plaintiff of robbery; Plaintiff's daughter was wrongfully removed/kidnapped five years ago at the direction of Defendants; Defendants maliciously persecuted/prosecuted Plaintiff when he sought federal, state, and local services; the "Resident Agency Branch Agents" engaged in unauthorized investigation of Plaintiff; "Defendants Resident Agency Martinsburg West Virginia at all Relevant times committed the acts of Rackateer, tampering, stalking, wrongful interfere,

---

[1] The Court notes that while one may represent him or herself pro se, a non-lawyer may not represent others in an action. It is unclear what MotJuste Tirade of Vim Andre Juste is.

attempt killing. . . against the Plaintiffs"; Plaintiff's daughter was wrongfully relocated out of West Virginia, to Florida; Plaintiff was wrongfully accused by the Jefferson County, West Virginia, Sheriffs of bank robbery, after which FBI agents began to stalk and harass him; Defendants engaged corrupt investigative techniques, including the use of "pretexting, social engineering, computer hacker, . . . telephone wire device," etc.; while Plaintiff was homeless in New York, "Defendant Resident Agency Martinsburg West Virginia Branch Agent became the mastermind criminal Agents of Federal Bureau Investigation to kill the Plaintiffs Andre Juste Accidentally through sugar add glucose in the Plaintiffs blood vessel"; while Plaintiff was at a State of New York hospital, Defendants engaged an individual to kill and harm him by "murder through Hospital injection"; Defendants have recorded Plaintiff's voice "through a virus or a bug" in order to track him; Defendants have continued "the master mind to murder the Plaintiffs" after wrongful dismissal of his complaint without due process; and the "tracking device worm, bug and or virus to put into the inplant [sic] into the plaintiffs' Andre Juste voice" is being used by Defendants. See Compl.

Although this summary does not encompass all of Plaintiff's allegations, the Court believes that these examples thoroughly demonstrate Plaintiff's fantastical delusions. It is clear to the Court that Mr. Juste's factual scenarios are not rooted in reality, and therefore are baseless. See Neitzke v. Williams, 490 U.S. 319; Denton v. Hernandez, 504 U.S. 25. The facts "rise to the level of the irrational or the wholly incredible," rendering Plaintiff's claim frivolous. Id. at 33.

**CONCLUSION**

For the reasons stated above, this case is **DISMISSED** with prejudice under 28 U.S.C. § 1915(e)(2)(B).

IT IS SO ORDERED.

3

February 6, 2015                                    s\Cathy Bissoon
                                                    Cathy Bissoon
                                                    United States District Judge

cc (via First-Class U.S. Mail):

Andre Juste
903 Watson Street
Pitsburgh, PA 15219

MotJuste Tirade of Vim Andre Juste
40 Ann Street
New York, NY 10038